## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**BARBARA GANNON,**

     **Plaintiff,**

**v.**                          **Case No. 8:15-cv-604-AAS**

**KILOLO KIJAKAZI,**[1]
**Commissioner,**
**Social Security Administration,**

     **Defendant.**
_____/

## <u>ORDER</u>

Barbara Gannon's counsel moves for an award of **$20,870.50** in attorney's fees under 42 U.S.C. § 406(b). (Doc. 25). The Commissioner does not oppose Ms. Gannon's counsel's request. (*Id*. at 8–9).

Ms. Gannon applied for social security disability benefits, which was denied initially and on reconsideration. (Tr. 114–117). Ms. Gannon then requested a hearing before an ALJ, who found Ms. Gannon not disabled. (Tr. 119–133). The Appeals Council granted Ms. Gannon's request for review of the ALJ's decision and remanded the ALJ's decision. (Tr. 134–138). On rehearing,

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

the ALJ again found Ms. Gannon not disabled. (Tr. 12–31). The Appeals Council denied Ms. Gannon's request for review of the ALJ's second decision. (Tr. 6–9). Ms. Gannon then filed a complaint in this court. (Doc. 1). The court remanded the ALJ's decision for further consideration, and the Clerk entered judgment for Ms. Gannon. (Docs. 18, 19).

On remand, the ALJ again found Ms. Gannon not disabled and the Appeals Council denied Ms. Gannon's request for review of the ALJ's decision. (Doc. 25, p. 3). Ms. Gannon then filed another complaint in this court. *See* Case No. 8:21-cv-01863-AEP, (Doc. 1). On February 24, 2022, the Commissioner moved to remand Ms. Gannon's appeal. Case No. 8:21-cv-01863-AEP, (Doc. 18). The court granted the Commissioner's motion and the Clerk entered judgment for Ms. Gannon. Case No. 8:21-cv-01863-AEP, (Docs. 19, 20).

The Commissioner found Ms. Gannon disabled on remand and awarded Ms. Gannon $166,964.90. (Doc. 25, Ex. 3, p. 4). Ms. Gannon's counsel now requests $20,870.50 (i.e., 12.5% of the total award of past due benefits) under 42 U.S.C. § 406(b) for work performed in federal court to achieve the remand. (Doc. 25, p. 1).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42

U.S.C. § 406(b)(1)(A). Based on the fee agreement that Ms. Gannon agreed his counsel could request twenty-five percent of past-due benefits for attorney's fees, an award of attorney's fees of $20,870.50[2] is not a windfall and should be awarded. (*See* Doc. 25, Ex. 1).

The court previously awarded Ms. Gannon's counsel $4,458.54 in attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 24). When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010). Ms. Gannon's counsel must refund any attorney's fees awarded under the EAJA.

The Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 25) is **GRANTED.** Ms. Gannon's counsel is awarded **$20,870.50** in attorney's fees.

**ORDERED** in Tampa, Florida on April 14, 2023.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] The motion explains that different attorneys employed by the same law firm represented Ms. Gannon in her two federal actions. (Doc. 25, p. 8). Ms. Gannon's two attorneys filed substantively identical motions in each of Ms. Gannon's two federal actions, with each attorney requesting 12.5% of Ms. Gannon's total award of past due benefits. (*Id.*).

3